Civilian pay; reduction in force; "bumping” and "retreat” rights; procedural error. — Plaintiff challenges his separation pursuant to a reduction in force (RIF) from his position as Visual Information Specialist with the Exhibits Division of the National Air and Space Museum, Smithsonian Institution (SI), Washington, D.C. Plaintiff contends (1) that the RIF was not bona fide and therefore was invalid, (2) that two positions for which plaintiff was qualified were erroneously filled by employees with lower retention status, and (3) that the Civil Service Commission (CSC) erred and acted in an arbitrary and capricious manner in rendering an adverse decision based solely on an advisory opinion of James R. Edman, Acting Chief of its Career Service Division (CSD). Plaintiff seeks reinstatement, back pay and benefits. On June 13,1980 Trial Judge Rostid A. Hogenson filed a recommended opinion concluding that the RIF was bona fide, and that plaintiff is not entitled to displace either of the two individuals with lower retention status. The trial judge also concluded tht the CSC did not err in taking into consideration the advisory opinion of Mr. Edman, and that the decision of the CSC was not arbitrary or capricious but was supported by substantial evidence. The trial judge found that plaintiffs position was in fact abolished pursuant to a reorganization, and that the new position of Electronic Engineer was not created merely as a subterfuge, rewording plaintiffs identical duties. The trial judge also found that no bad faith or procedural irregularities on the part of SI management officials accompanied the creation and filling of the new Electronic Engineer position or the decision to abolish plaintiffs position. The trial judge found that plaintiff was not qualified to perform the duties of the Electronic Engineer at the time of the RIF and that plaintiff is not, therefore, entitled to displace the incum *681 bent. In addition, the substitution of plaintiff for the incumbent would have caused undue delay to Si’s work program. In that plaintiffs position as Visual Information Specialist was neither interchangeable with nor substantially the same as the position of Visual Information Specialist (Exhibits), plaintiff is not entitled to "retreat” to the position held by the incumbent. Moreover, plaintiff was not qualified to perform the duties of the Visual Information Specialist (Exhibits) at the time of the RIF. Plaintiff could not have displaced the incumbent without undue delay or a significant impairment in the quality of the museum’s upcoming 1876 exhibition, of which the incumbent was in charge. Finally, the trial judge found that Mr. Edman’s advisory opinion regarding plaintiffs qualifications was not "new evidence” within the meaning of Rasmussen v. United States, 211 Ct. Cl. 260, 543 F.2d 134 (1976), and that consideration of the advisory opinion by the CSC was not improper and did not render the Board’s decision unenforceable or entitle plaintiff to back pay. In its order entered April 17,1981 the court stated that it agrees with and adopts as its own the trial judge’s opinion, findings and conclusion of law; it also rejects as unfounded plaintiffs renewed attack on the trial judge’s orders refusing to reopen proof. For the reasons given by the trial judge and on the basis of his findings, the court holds that plaintiff is not entitled to recover and dismisses the petition.